Good morning. Please record my name is Gary Singh. I'm the attorney for the petitioner. Please keep your voice up. It's working, but you need to speak into it. Well, I'll get closer. Is that better? Thank you. This is a case that deals with a person coming from the Philippines back in 1990. To give this court a brief summary of his background, he made entry in 1990. He was indicted in 1992 for sexual assault with a third degree and kidnapping. He pled no contest before the state court in 1992, and he served his probationary period and nothing happened. In 2004, Homeland Security issued a notice to appear. He was arrested for being an aggravated felon under the immigration laws. Here's the person who felt that I had served my time and I didn't break any laws. I complied with my probation. Why are they arresting me now? Since your time is short, let me ask a question. In your brief, you argue that Hawaii's third degree sexual assault statute 707-732 is not categorically an aggravated felony because it's too broad. What about section 707-732, subsection 1B? That's what your client was charged with violating. Why is that subsection too broad? Well, if you look at 707-732, it is. And I did also. Now, after Mr. Yase was charged and he pled no contest, he went before the immigration judge. Judge Humer did her analysis based on the law then. Thereafter, we had two other cases that came down. One of the cases that came down was Modena Villa by the 9th Circuit. That was decided on June 23, 2009. That decision gave us further guidelines as to what is an abuse on a minor. Keeping that in mind and going back and looking at Hawaii's revised statute dealing with sexual assault, it does not have the categorical components that are required. There are three things that we need to do the analysis on. One is the statute needs to show that there is an abuse on the minor. Looking at that statute, the language does not come out and say it clearly. So, by looking at Modena Villa, and then furthermore, in denial of seals, that was decided on December 14, 2009. That gave us even further guidelines. Well, let's assume that we agree with you that the subsection is too broad. But your client was indicted for, and I quote, placing his hand on the breast of a girl who was less than 14. Is that specific indictment too broad? No, that indictment is on point. You're right. All right. Well, didn't the PIA find that your client was having an aggravated felony sexual abuse on a minor based on modified categorical approaches? Yes, they did. And they were, at the time when they did that, they did not have the benefit of the other two cases that came down in 2009. And I would like to thank this panel for accepting my final brief that was submitted last month, discussing those cases that came out in December and January of 2010 that dealt with this issue. Why don't you tell us what you think those cases hold and why that changes the situation? Sure. In Medina Villa, the court decided that on June 23, 2009. In that given case, the court came up with three elements that needs to be provided in the given statute. The first is the statute needs to talk about the conduct being sexual. What's the problem with that? What's wrong with that? It'll be. Whether it protects a minor, what's the problem with that? Right. Whether the section requires abuse. Is that your point? Exactly. That is the issue that we have here today. And the immigration judge did not have the benefit of this analysis when she made her decision back in 2008. The statute says the person knowingly subjects a sexual contact to another person who is less than 14 years old. There's no findings on the record that he knowingly means that. You mean he was asleep when he put his hand on her breasts? No, he was not asleep, but there's no finding on paper to show that he had stated that on paper, that I knowingly did it. The statute requires it. Isn't there no contest charge in the mission of the elements of the indictment? That is correct. The indictment says that he was knowingly touching her breasts. The indictment did say that. I guess I don't get your point. My point is that the statute requires abuse. Touching a breast, I don't think comes to me showing off an abuse. Do you have a case that so holds? No, Your Honor, we do not, and that's the reason we are here. Isn't there, in fact, a case that holds that touching a minor's breasts is indeed an abuse? I'm not aware of that case. I didn't want to interrupt you earlier, but is there a question of jurisdiction? Is this court's jurisdiction here? As to jurisdiction, no, I don't think that is an issue. I think this court... The question about it is, is it God's doing? On this record? Well, he went before the immigration court, and that was back in 2008. The immigration judge, based on the law back then, decided that it was an aggravated felony, found it to be removed. He went before the board, and the board came back on October 21, 2008. And then we filed a petition, and we filed a hoping brief. And we believe this court has jurisdiction to review. And one of the other issues that I think this court has jurisdiction to review is rather the Hawaii statute, where he pled no contest. And the case was dismissed, and last year the record of his arrest was expunged. There's no conviction. You argued before the BIA that you should prevail under the modified category approach. Yes. Yet in your brief, you didn't use those words again. You made an argument that might be deemed to be for the modified category approach. Is this your argument before us? That is one of my arguments. That is correct. Without utilizing the modified category approach, we believe that the statute is too broad. And in this case, if this court may, send it back to the immigration judge to look at the current developments in the law and decide further. I understand the government's brief. They say you didn't appeal. Well, I think we did. I did notice that, and I went back to our resume. We did raise that. And that was also indicated in my last filing last month. Can you tell us where in your brief you did raise it, even though you didn't use the magic words? I won't let the government argue. I'll go to the brief and I'll correct it. Thank you. You're welcome. Thank you. I think you're looking for blue 11. This is Court Dan Shea on behalf of the United States government. This case centers around two specific issues. One, whether Mr. Yersay's conviction was valid for immigration purposes. And second, whether that conviction was for an aggravated felony. To begin, Mr. Yersay. The first issue I ask is, did you hear the appellant raise that point? You argued very strongly, so I think you want to get to the second issue. Thank you, Your Honor. Mr. Yersay was also convicted of an aggravated felony. This case is governed by Medina-Bia, not Strada Espinoza. The petitioner actually argues that Medina-Bia analysis was not available to the BIA. But, in fact, Barron Medina, a case which held the same thing as Medina-Bia, although with less analysis, was decided in 1999, which held that conduct is, per se, abusive when it's sexual and was directed at younger children. Therefore, under Medina-Bia, Yersay's conviction is sexual abuse of a minor. As Your Honor pointed out, the first two elements laid out in Medina-Bia, that the conduct must be sexual and must be against a minor, are both clearly satisfied by the Hawaii statute. The petitioner had to have conducted conduct that was sexual, and the victim must be a minor, specifically a child who is 13 or under. Under Yersay's 5732 conviction also satisfies the abuse problem under Medina-Bia. The thrust of the Medina-Bia and Barron Medina, and now Pilar Garcia decisions, is that the conduct is, per se, abusive when directed at younger children. According to Medina-Bia, we define the term abuse as physical or psychological harm in light of the age of the victim in question. Here, Mr. Yersay pled guilty under 732 under an indictment that charged him, who was 28 at the time, with touching the breasts of a girl who was at least 13. We don't know from the record how old she is, but she was no older than 13 for the indictment to stand. So, the government's position is that that conduct is, per se, abusive. Let me go back to the question of the modified categorical approach. You said it was not raised on appeal. I want to counsel to refer to page 11 of his brief, where he says, even except in the allegation that petitioner placed his hand on the breast of a girl under 14, a petitioner's conduct is not raised to the degree of exploitation of a child. Isn't that basically a modified categorical approach argument, although the magic words were not used? And I can find no nicer case that requires the magic words to be used. What is your response? Yes, Your Honor, our response would be that there was no further discussion of it. It was a kind of a throwaway sentence, what I recall from the brief, that it did not argue this specific issue in any meaningful way, and therefore preserving the issue for appeal. Thank you. In fact, Your Honor, the Hawaiian statute under 732.1b is actually very similar to 288 statutes, found to be sexual abuse of a minor in Medina Villa and Barron Medina, because then the victims were also children age 13 and under. And in those cases, the court basically stopped the analysis based on the sexual nature of the crime and the victim's age, and they found that the abuse problem was per se satisfied. Let me ask another question. I'm interested in the legislative history of Section 707.700 and why the, quote, intent of gratifying sexual desires was removed by the definition of sexual contact. Can you tell us, Gordon, anything about that? I believe the Hawaiian legislation tended to broaden the scope of the sex crimes prohibited under 700. Further, Your Honors, the missing elements argument is also another argument that the petitioner raises in his brief that was never raised to the agency, which we would expect to argue this court lacks jurisdiction to review. The missing elements claim is a bit of a confusing area of law for this court, but I think that even if we assumed there was jurisdiction, that claim would fail as well. And we would argue that it fails because under Pelaya-Garcia, the case that was recently decided by the court, the court took a look at the abuse problem and basically made two divisions. And under the first part, it says, hey, we'll look at the missing elements problem. But if the children are younger, 13 and under, we don't need to look at the missing elements problem. So the statute doesn't have to say the person only subjects to sexual contact with another person who is under 14, and he does so in an abusive manner. The statute doesn't have to say that if the children are a certain age. And the children are exactly the same age here in the Hawaiian statute as they are under the 288A California statutes. I'm sure, Your Honors, this petition should be dismissed because the agency correctly found that it says no contest plea was a conviction for conviction purposes because he both had pleaded guilty under no contest, and he also was punished for it. And the sexual abuse in the minor aggravated felon was also met by his Hawaiian statute. Your Honors, I have no questions. Mr. Singh, did you have a question? Yes, Your Honor, thank you. I did look at page 11, thank you. And furthermore, we did discuss the issue of categorical aggravated felony on my reply brief on page 5. It was not in-depth, but that issue was again raised based on Medina Villa and Estorada Estenosa cases. Those analysis were made for my reply brief, Your Honor. So that is on page 5 of my reply brief. Now, going back to Mr. Yersey's issue of whether there was a conviction or not, now, Mr. Yersey did file an expungement, and the expungement was only for his arrest record. It was not for his conviction because he does not have a conviction. Now, if Mr. Yersey were to request for a pardon from the governor, there's no conviction. He was not qualified for that. Under the Hawaii statutes, because the case was dismissed, he does not have a conviction. Let me ask this. Is there any case in our circuit that has found that where a conviction is expunged, it does not qualify as a conviction for immigration purposes? Based on my research, no. And that's the reason I think this is a case that this Court needs to decide. We give the Hawaii Constitution the win because the Hawaii Constitution gives the right to have all these statutes legislated, and they have these components. For a criminal defense attorney who is to advise his client, to tell the client, go ahead, take a no contest plea, and we will get you a deferral. After a provisionary period, your case will be dismissed. That's what happened to Mr. Yersey back in 1993. And thereafter, 2004... Are you making a claim of ineffective assistance of counsel? Well, no. The assistance of counsel will not know what to tell to the client. Because based on the law, they do not know that immigration will be... Let me ask you a very specific question. Is there a case in the Ninth Circuit where an expunged felony conviction has not counted for purposes of immigration law? I'm not aware of that, Your Honor. Okay. Thank you. Thank you. In the case of Yersey v. Stoltenberg...
judges: Farris, Nelson D. W., Bea